LÓPEZ ET AL., PETITIONERS AND APPELLANTS, *v.* BENÍTEZ, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in Certiorari Proceedings.

No. 3254.—Decided June 25, 1924.

CERTIORARI—MUNICIPAL ORDINANCE—MUNICIPAL ASSEMBLY—PARTIES.—The nullity of an ordinance passed by the municipal assembly imposing an excise tax on public shows can not be properly considered in certiorari proceedings brought against the municipal commissioner of finance praying that the tax and the ordinance and regulation issued by the said commissioner for its enforcement be declared null and void. In such proceedings the municipal assembly was a necessary party.

The facts are stated in the opinion.
*Messrs. Guerra & Soldevila* for the appellants.
*Mr. J. de Guzmán Benítez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants are the owners of public moving-picture theatres in the municipality of San Juan and petitioned the district court for a writ of certiorari, alleging that the Mu-

nicipal Assembly of San Juan had adopted certain ordi-
.nances imposing an excise tax on the value of each ticket
sold for admittance into theatres, moving-picture places,
circuses, hippodromes or any other public shows; that these
ordinances were unlawful for the reasons stated in the pe-
tition, and that the Municipal Commissioner of Finance had
issued orders for collecting the said excise tax from the
petitioners and had promulgated regulations providing for
the manner of payment of such excise tax and assigning
obligations to the petitioners, for all of which they prayed
the court to adjudge that the said excise tax is unlawful;
that the ordinances imposing it are null and void, and that
the regulations for the collection of the tax are also void.

The petition for a writ of certiorari was directed against
the incumbent of the office of Municipal Commissioner of
Finance, who in answer alleged, among other things, that
there was no authority of law for making him the respond-
ent. The lower court denied the writ for the reason, among
others, that it had no jurisdiction to consider the constitu-
tionality of these municipal ordinances in a proceeding in
which the municipal body that adopted them had not been
made a party defendant, it being a necessary party.

We accept that conclusion of the trial court. The pur-
pose of this certiorari proceeding being to annul certain
ordinances adopted by the municipal assembly imposing the
tax of which the petitioners complain, the municipal assem-
bly that adopted them should have been made a party de-
fendant, it being the party really interested in maintaining
the validity of its own acts before the courts. The Munici-
pal Commissioner of Finance is not the lawful represent-
ative of the municipal assembly, but only an official who
complies with its resolutions. If the petitioners had not
prayed for an annulment of the ordinances and only of the
regulations promulgated by the municipal commissioner of
finance for their enforcement, the petition would have been
well directed against him; but when it is sought to annul

the ordinances of the municipal assembly, that body must be made a party defendant.

The citation made by the appellants from 11 C. J. 167, is adverse to them, for it says that when the writ of certiorari is intended to review the action of a municipal body or of municipal officers, it should be directed to the body or officers and not to a mere subordinate officer. And inasmuch as this certiorari proceeding was brought to review the ordinances adopted by the municipal assembly, that body was a necessary party and should have been made a defendant.

For this reason the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.